IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-RJ-00032-MJW

STUDENT LOAN MARKETING ASSOCIATION,

    Plaintiff,

v.

TAMMY SISCO-SKINNER,

    Defendant.

---

**ORDER REGARDING
(1) PLAINTIFF STUDENT LOAN MARKETING ASSOCIATION'S MOTION TO AMEND CAPTION (DOCKET NO. 6)
AND
(2) TAMEA RAE SISCO'S COMBINED MOTION TO INTERVENE AND RESPONSE TO PLAINTIFF'S MOTION TO AMEND CAPTION (DOCKET NO. 7)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Plaintiff Student Loan Marketing Association's Motion to Amend Caption (docket no. 6) and Tamea Rae Sisco's Combined Motion to Intervene and Response to Plaintiff's Motion to Amend Caption (docket no. 7). The court has reviewed the subject motions (docket nos. 6 and 7) and the responses (docket nos. 7 and 8). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on April 20, 1992, the U.S. Department of Health and Human Services d/b/a Health Education Assistance Loan Program d/b/a Student Loan Marketing Association ("HEAL") obtained a final judgment against Tamea R. Skinner a/k/a Tamea Rae Skinner a/k/a Tamea Rae Sisco from the District Court for the City and County of Denver, State of Colorado, in Case no. 92-cv-0330.  See docket no. 6-1;

5. That an assignment of the above final judgment was executed by Delana Newman, representing Salle Mae Loan Student Loan Marketing Association, on July 15, 1992.  In this assignment, the Assignor authorized the United States of America to ask, demand, receive, and sue out executions and take all lawful ways for recovery of the money due or to become due on this final judgment listed above.  See docket no. 6-1;

6. That on December 16, 2004, the United States of America registered the foreign judgment listed above in this case 04-RJ-00032-MJW.  See docket no. 1;

7. That the registration of the foreign judgment listed above was timely

3

        filed in this court under case no. 04-RJ-00032-MJW;

8. That the original Abstract of Judgment Notice named the judgment debtor as "Tammy R. Sisco Skinner". See docket no. 3;

9. That on January 7, 2014, Plaintiff filed its Motion to Amend (docket no. 6). In this motion, Plaintiff seeks an Order from this Court to Amend the Caption to show that the Defendant is "Tamea R. Skinner a/k/a Tamea Rae Skinner a/k/a Tamea Rae Sisco" as it appears in the final judgment from the District Court for the City and County of Denver, State of Colorado in Case No. 92-CV-0330;

10. That the certified copy of the final judgment Case No. 92-CV-0330 clearly shows that the Defendant/Judgment Debtor is "Tamea R. Skinner a/k/a Tamea Rae Skinner a/k/a Tamea Rae Sisco". See docket no. 6-1. It is clear that at the time of the registration of the final judgment in this court [i.e., United States District Court for the District of Colorado], the Abstract of Judgment Notice for Case No. 92-CV-0330 did not coincide with the names that appear on the final judgment in Case No. 92-CV-0330. Instead, the Clerk of Court for the United States District Court for the District of Colorado identified the Defendant/Judgment Debtor as "Tammy R. Sisco-Skinner" which is one of the multiple aliases for the Defendant. There appears to be 15 aliases that Defendant has used. See docket no. 6-2;

11. That there was an error in entering the Defendant/Judgment

4

Debtor's name(s) correctly in this case 04-RJ-00032-MJW. The names on the Abstract of Judgment Notice for the Defendant/ Judgment Debtor should read: Tamea R. Skinner a/k/a Tamea Rae Skinner a/k/a Tamea Rae Sisco which is consistent with the final judgment entered in 92-CV-0330 as stated above. Therefore, the Plaintiff Student Loan Marketing Association's Motion to Amend Caption (docket no. 6) should be granted;

12. That Tamea Rae Sisco ("Sisco") has admitted using numerous names under which she was sued in the Denver District Court Case no. 92-CV-0330 during the relevant time period. See docket no. 7-1 at ¶¶ 4 - 5;

13. That Sisco argues that this action is time-barred. In support of this argument, Sisco contends that the state court final judgment listed above was not revived timely, and more than 20 years have passed, and therefore the state final judgment is deemed satisfied under § 13-52-102(2), C.R.S.;

14. That Plaintiff argues that the state court final judgment listed above relates to Sisco's defaulting on a HEAL loan that she obtained through the U.S. Department of Health and Human Services. Thus, Plaintiff contends that 42 U.S.C. § 292f(i) is controlling. 42 U.S.C. § 292(f)(i) states:

> ***Notwithstanding any other provisions of Federal or State law,*** there shall be no limitation on the period within

5

> which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken by the Secretary, the Attorney General, or other administrative head of another Federal agency, as the case may be, for the repayment of the amount due from a borrower on a loan made under this subchapter that has been assigned to the Secretary under subsection (b) of this section.

42 U.S.C. § 292f(i) (emphasis added); and

15. That Sisco's arguments as outlined above are without merit ,and 42 U.S.C. § 292f(i) controls. Section 292f(i) indicates that a HEAL loan judgment never expires, notwithstanding Federal or State law. Accordingly, Tamea Rae Sisco's Combined Motion to Intervene and Response to Plaintiff's Motion to Amend Caption (docket no. 7) should be denied.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff Student Loan Marketing Association's Motion to Amend Caption (docket no. 6) is **GRANTED**. The name of the Defendant and Judgment Debtor should read Tamea R. Skinner a/k/a Tamea Rae Skinner a/k/a Tamea Rae Sisco. That docket no.

6

5 is the corrected Abstract of Judgment Notice and shall supercede the Abstract of Judgment Notice (docket no. 3);

2. That Tamea Rae Sisco's Combined Motion to Intervene and Response to Plaintiff's Motion to Amend Caption (docket no. 7) is **DENIED**; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 18th day of February 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE